UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| HEATHER NICOLE BAILEY,            ) | |
| )         | |
| Petitioner,    ) | |
| )         | |
| v.                                 ) | No. 2:20-cv-00014-JRS-DLP |
| )         | |
| WARDEN, Rockville Correctional Facility,  ) | |
| )         | |
| Respondent.  ) | |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Heather Nicole Bailey petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number RTC 19-08-0025. For the reasons explained in this Order, Ms. Bailey's habeas petition must be **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B.     The Disciplinary Proceeding

On July 22, 2019, Indiana Department of Correction (IDOC) Investigator Christopher McLaren wrote a Report of Conduct charging Ms. Bailey with committing IDOC Adult Disciplinary Code offense A-100 by violating a state law prohibiting "inmate fraud." The Report of Conduct states:

> During the course of this investigation, the Office of Investigation & Intelligence overheard during several phone calls of Offender Bailey, Heather #206238 that she and Mary Lou Taulbee Knowingly and intentionally misrepresented themselves to a male identified as Jerry. Offender Bailey & Mary Lou Taulbee claimed that they were mother & daughter and needed money deposited into Mary Lou's accont. Offender Bailey violated State Law (IC 35-43-5-20) by asking for money for a charity event (Riley's Children's Hospital Walk). Offender Bailey is a member in RDU and is not allowed to take part in such events, furthermore no such event is scheduled here at Rockville Corr. Facility at this time. During other phone call the money deposited was to purchase contraband inside the facility.

Dkts. 1-1 at 5; 9-1 (errors in original). Ms. Bailey states she has also been charged with the state criminal offense – Inmate Fraud – in Parke County, Indiana, and as a result has a detainer on her IDOC record.[1] *See State v. Bailey*, No. 61C01-1908-F5-000194 (Parke Cnty. Cir. Ct. Aug. 20, 2019).

Ms. Bailey was notified of the charge on August 3, 2019, when she received the Screening Report. Dkt. 9-2. She pled not guilty to the charge, requested two other offenders as witnesses, and did not request physical evidence. *Id.*

The disciplinary hearing was held on August 12, 2019. Dkts. 1-1 at 1; 9-3. Ms. Bailey told the hearing officer that the "Riley walk was going on," that no contraband was found in her possession, that she "really wanted a hygiene basket," that Mary Lou Taulbee is the only person

---

[1] Indiana Code § 35-43-5-20(b) provides, in pertinent part, "An inmate who, with the intent of obtaining money . . . from a person who is not an inmate . . . (2) obtains or attempts to obtain money . . . from the person who is not an inmate through a misrepresentation made by another person . . . commits inmate fraud, a Class C felony."

who knows how to put money or her books, and she has "never [has] to lie to get money from [her] family." *Id.*

Offender Lacy Sneed provided this written statement:

> When I was in open pop my friend H. Bailey (who I know from home) and I had a conversation about me ordering a Riley walk fundraiser basket & holding on to it for her for when she left the RDU. I ended up in the RDU as well so our plans didn't happen. I planned on using my own money to purchase the basket for her she <u>never</u> asked me to allow her to pay me back or manipulate any Rules to obtain the basket. It was just going to be a friend looking out for another.

Dkt. 9-4 [sic] (emphasis in original).

Offender Brandy Easley provided the second statement requested by Ms. Bailey:

> I was working in the kitchen and upon this time Heather Baily from RDU came threw east show hall and was asking me if she could use my account to have me order her a fundraiser hygiene[e] basket. I was not able to verbaly answer because of the rules, but I was gona order one for her out of my own money to be nice[.]

Dkt. 9-5 [sic].

The disciplinary hearing officer considered Ms. Bailey's statement and staff reports (the conduct report) and found Ms. Bailey guilty of the A-100 violation. Dkts. 1-1 at 1; 9-3. The hearing officer noted that Ms. Bailey violated state law IC 35-43-5-20 "by asking for money for charity [and] knowingly not being able to participate [and] obtain money for [contraband and] self profit." *Id.* The sanctions imposed included the loss of sixty-five days of earned-credit-time.

Ms. Bailey appealed to the Facility Head and the IDOC Final Reviewing Authority, where both appeals were denied. Dkts. 9-6; 9-7. She then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C. Analysis**

In her petition for a writ of habeas corpus, Ms. Bailey presents three grounds for relief. First, she argues that the records of her phone calls demonstrate she has support from outside of

3

the prison. Second, Ms. Bailey argues that the sixty-five day loss of earned credit time was either not supported by the evidence or too harsh. Finally, in her third ground for relief, Ms. Bailey disputes the assertion that no Riley Walk fundraiser was being held at her facility at the time of her conduct, and argues that it was not proper to charge her with a disciplinary offense and a state court criminal case. Dkt. 1 at 2-3.

Ms. Bailey's due process claims are difficult to discern from her stated grounds for relief, but appear to challenge the sufficiency of the evidence, the amount of earned credits lost, and assert a double jeopardy claim.[2] *Id.* The Warden restates Ms. Bailey's petition to present the first two of these due process issues, but does not address a double jeopardy issue. Dkt. 9 at 5.

### 1. Sufficiency of the Evidence

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

In assessing whether there is *some* evidence – *any* evidence – the Court does not re-weigh the evidence nor does it assess the credibility of any witnesses. *See Webb v. Anderson*, 224 F.3d

---

[2] Ms. Bailey's reply does not clarify the nature of her claims or dispute the Warden's rephrasing of the claims. Instead, Ms. Bailey presents more argument and exhibits to show that a Riley Walk was taking place at her facility at the time relevant to the conduct report. Dkt. 13.

4

649, 652 (7th Cir. 2000) ("It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision."); *Hill*, 472 U.S. at 455 (noting that the "some evidence" standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence"). The Seventh Circuit has "characterized the 'some evidence' standard as a 'meager threshold.' . . . Once that threshold is crossed, we will not reverse." *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 941).

In Ms. Bailey's case the conduct report alone provides *some* evidence to support the hearing officer's decision. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (holding that a conduct report "alone" can "provide[] 'some evidence' for the . . . decision."); *Portee v. Vannatta*, 105 F. App'x 855, 857 (7th Cir. 2004) (citing *McPherson*, 188 F.3d at 786). The conduct report was written by an Investigations and Intelligence official, refers to the monitoring of multiple phone calls, asserts that because Ms. Bailey was in the RDU she was not eligible to participate in the Riley Walk, and had misrepresented Ms. Taulbee as her mother. This by itself is "some" evidence to support the charge. Thus, the meager threshold of evidence sufficiency has been crossed, signaling the end to this Court's review.

Ms. Bailey's arguments that there is evidence to show her innocence to the charge are, if true, an opposing version of the facts presented to and considered by the disciplinary hearing officer. This Court cannot re-weigh this evidence or assess its credibility to choose which side to believe. That function is the sole province of the hearing officer. *See Hill*, 472 U.S. at 455. Accordingly, habeas corpus relief on a sufficiency of the evidence basis is **denied**.

    **2.    Harshness of Sanction**

To the extent that Ms. Bailey contends that the sixty-five day earned credit sanction is not supported by the evidence, that argument fails for the reasons set forth in the preceding section.

To the extent that she believes the sanction is too harsh and therefore violates her due process rights, that argument is without merit. The permissible range of punishment for a level A disciplinary code violation includes up to one year in earned credit time deprivation. *See* https://www.in.gov/idoc/dys/files/02-04-101_AP__4-30-10.pdf. When disciplinary sanctions do not exceed the maximum sanction allowed by state law or IDOC procedure, there is no viable due process claim to challenge the amount of the sanction. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008); *see also Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997) (federal court will not review state sentence unless it is so extreme that it is "grossly disproportionate" to the offense).

Habeas corpus relief based on Ms. Bailey's second ground is **denied**.

### 3. Double Jeopardy

Ms. Bailey's third ground for relief is that the assertion in the conduct report – that there was not a Riley Walk fundraiser being held at her facility at the relevant time – is false. For the reasons explained in the sufficiency of the evidence claim, above, this contention, if true, does not give rise to habeas corpus relief. It is the hearing officer's duty to assess the credibility of the parties' contentions. Additionally, even if the conduct report statement was demonstrably false, that still does not give rise to a due process violation. *See McPherson*, 188 F.3d at 787 ("[W]e have long held that as long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent.").

The chief argument Ms. Bailey makes is that she has been wrongfully charged with a criminal offense in state court as well as a prison disciplinary code violation. This is a double jeopardy argument, and unfortunately for Ms. Bailey, it is not applicable to her situation.

"The Double Jeopardy Clause prohibits a second prosecution for the same offense following an acquittal and the imposition of multiple punishments for the same crime." *United*

*States v. Taylor*, 777 F.3d 434, 439 (7th Cir. 2015). But "double jeopardy protections do not attach in prison disciplinary proceedings." *Portee*, 105 F. App'x at 858; *Singleton v. Page*, 202 F.3d 274 (7th Cir. 1999) ("Prison discipline, however, does not constitute 'punishment' or 'prosecution' for double jeopardy purposes." (citing *Garrity v. Fiedler*, 41 F.3d 1150, 1151-52 (7th Cir. 1994))); *see also Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996).

Ms. Bailey's third ground for relief is without merit and therefore **denied**.

### D.    Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Ms. Bailey to the relief she seeks. Accordingly, Ms. Bailey's petition for a writ of habeas corpus challenging sanctions imposed in prison disciplinary case number RTC 19-08-0025 is **denied** and this action is **dismissed** with prejudice.

Final judgment consistent with this Order shall now enter.

**IT IS SO ORDERED.**

Date:    10/21/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Heather Nicole Bailey
206238
Rockville Correctional Facility
811 W 50 N
Rockville, IN 47872

Marjorie H. Lawyer-Smith
Indiana Attorney General
marjorie.lawyer-smith@atg.in.gov